Crofoot
v.
Allen.

CROFOOT *vs.* ALLEN.

*In a submission to arbitration, where three arbitrators are named, with power to two to make an award, two have power to proceed and hear the parties, where the third arbitrator has been noticed of his appointment and refuses to attend.*

THIS was an action of debt on an arbitration bond, tried at the Cortland circuit, in January, 1828, before the Hon. SAMUEL NELSON, one of the circuit judges.

The defendant, on the 11th May, 1826, entered into an arbitration bond, whereby he bound himself to abide the award of Freeborn G. Jewett, Joseph Reynolds and Edward C. Reed, or any two of them, arbitrators elected between the parties to determine of and concerning all actions, causes of action, &c. " the arbitrators to render the award under their hands and seals on or before, &c. the award of either two of the arbitrators to be good and final in the premises." The first meeting of the arbitrators, it was agreed by the bond, should be on the 12th June, 1826, at a specified place. The plaintiff declared in debt, and assigned for breach a revocation of the submission by the defendant, whereby the plaintiff was greatly damnified in expenses incurred in reference to the contemplated arbitration. He averred that on the 12th May, the arbitrators had *notice* of their appointment, and were requested to meet at the time and place agreed on ; that on the 12th June, Reynolds and Reed, two of the arbitrators, met and commenced their proceedings, but previous to making any award, the defendant, by a certain instrument in writing under his hand and seal, revoked his submission, and all and singular the powers given and granted by the arbitration bond, whereby Reynolds and Reed were prevented from making any award, and that in consequence thereof, he, the plaintiff, sustained damages, &c. The defendant pleaded *nil debet.*

On the trial of the cause, after the production of the arbitration bond, the plaintiff gave in evidence the written revocation referred to in the declaration ; it was directed to Reynolds and Reed, two of the arbitrators, reciting the submission, and proceeding as follows : " I do therefore hereby disannul and revoke all and singular the powers given and granted by me, in and by the said bonds or writings obliga-

tory to you as arbitrators, to hear and decide said contro-
versies, or any part thereof, unless the said Freeborn G.
Jewett *is also present* to hear and decide said controversies,
as an arbitrator with you." The admission of the revocation
in evidence was objected to, on the ground of variance, it be-
ing conditional, whereas the revocation set forth in the dec-
laration was general, and because it was not in fact a revo-
cation; but it was received by the judge. The plaintiff also
produced a letter from the defendant of the date of 24th May,
stating that Mr. Jewett *refused absolutely to serve as an arbitra-
tor*, and gave evidence of the amount of damages incurred by
him. The jury found a verdict for the plaintiff, and assess-
ed his damages at $33,75, which was now moved to be set
aside.

*J. A. Spencer*, for defendant. The revocation produced
on the trial was variant from that set forth in the declaration.
(1 *Chitty*, 478. 5 *Esp. R.* 38. 2 *Saund.* 187 *a, n.* 2.)

By the submission as made, *two* arbitrators could not have
proceeded to a hearing. The submission was to *three*. The
*arbitrators* were to make the award; and the act of the de-
fendant shewn by the plaintiff, in attempting to procure the
attendance of the third arbitrator, shews the intention of the
parties that the matters in controversy should be submitted
to three, instead of two arbitrators, although, after hearing,
the award might be made by two. (7 *Cowen*, 290, 410, *note.*
6 *Johns. R.* 39. 11 *id.* 402.) If so, no injury was done by
the revocation. Had it not been made, the two arbitrators
could not have proceeded.

*J. Edwards*, for plaintiff. From the submission itself, it is
evident the parties contemplated that two arbitrators might
proceed to a hearing. The submission is not only to the
award of three, or any two of them, but there is an express
provision that either two may make the award. Notice,
however, having been given to the third arbitrator, and he
having refused to attend, the other two had a right to proceed
to the hearing. (*Kyd on Awards*, 106, 7. *Barnes*, 57. 1
*Dallas*, 364.) If so, a revocation of the powers of the two

arbitrators was a revocation of the submission, and was set forth in the declaration according to its legal effect.

*By the Court*, MARCY, J.   Had the two arbitrators a right to act under the submission, without the attendance of the third ?   If two had the right, then their power was revoked, and the act of the defendant, which was alleged to be the revocation of the submission, was in fact as it is stated to be in the pleadings, and the objection of variance, or defect of proof, as it might more properly be called, is groundless. The plaintiff was not under the necessity to set forth, in assigning breaches, the instrument by which the submission was disannulled and revoked, *in hæc verba*, but only to allege the fact of revocation.   The proof offered was sufficient to support this allegation, if the two arbitrators to whom it was addressed had the power to proceed to the hearing.

The most favorable construction that the defendant can ask is, to have the submission considered as made to the three arbitrators named in the bond, with power to any two to make an award.   He obligated himself to abide by their joint award, or that of any two of them.   It seems to be settled that where the submission is to *three*, with power to *two* to make the award, two have power to hear, where the third is noticed and refuses to attend, or is wilfully absent. (*Barnes' Notes*, 57.   6 *Johns. R.* 39.   *Kyd on Awards*, 106, 7.)   It appeared by the defendant's letter that Jewett absolutely refused to act as an arbitrator ; he was therefore wilfully absent. His absence, under such circumstances, did not prevent the other two from proceeding ; their power the defendant revoked, and thereby subjected himself to this action.

Motion for a new trial denied.