LEONARD JACKSON *vs. The Inhabitants of* HAMPDEN.

When there are three members of the superintending school committee, two
of them have no power to dismiss a schoolmaster, under the provision of
*stat.* 1834, *c.* 129, *sec.* 3, " to provide for the instruction of youth," unless
due notice has been given to the third, that he might have an opportunity to
attend and act with them.

ASSUMPSIT to recover compensation for the *plaintiff's services*
in teaching a school ten weeks, in district No. 15, in the town of
*Hampden,* but composed partly of inhabitants of *Hampden,* and
partly of inhabitants of *Newburgh,* of which towns *Hampden* was
the oldest.   The plaintiff had been duly contracted with, by the
legal agent of the district, to teach the school; had procured the
requisite certificates, and commenced teaching the school.   After
he had kept the school about two weeks, complaint was made to
two of the three superintending school committee, the other mem-
ber of the committee being absent from town, and not being noti-
fied of any of the proceedings, and taking no part therein, and
those two members of the committee visited the school, and exam-
ined it and the master, and found him, as they said, unfit, and verb-
ally discharged and dismissed him ; and, in a few days afterwards,
made and signed a written statement to the same effect, and caused
it to be delivered to the plaintiff.   The agent of the district, know-
ing all the facts, immediately made a new contract with the plain-
tiff to teach the school, and directed him to proceed, and he did
go on and complete the original contract.

At the trial before SHEPLEY J. the plaintiff's counsel contend-
ed, that two of the committee could not legally act and dismiss
the master.   The Judge ruled that they could, to which the plain-
tiff filed exceptions.   Several other questions were raised at the
trial, and argued to the court, but are omitted, because the opinion
is based on this, alone.

*A. G.* and *D. T. Jewett,* for the plaintiff, argued that the acts
of the two members of the committee were void, because the third
was not notified of their meeting or proceedings.   The whole com-
mittee must act in all affairs between individuals, to make their de-
cision binding; and although, in public affairs, a majority can act

in some cases, no act of the majority can be legal, unless the whole were notified, and had an opportunity to act on the subject. *Commonwealth* v. *Ipswich*, 2 *Pick.* 70; 1 *Bos. & P.* 236; 2 *Kent*, 293, 633; *Towne* v. *Jaquith*, 6 *Mass. R.* 46; 6 *Johns. R.* 39; 2 *Wend.* 491; 5 *Binney*, 485; 9 *Serg. & R.* 99; 7 *Serg. & R.* 444; *Stat.* 1834, *c.* 129; *Searsmont* v. *Farwell*, 3 *Greenl.* 450.

*H. Hamlin*, for the defendants, contended, that the powers of the superintending school committee, like those of selectmen of towns, may be exercised by a majority, and that it was not expected, or intended that all should be present to make the acts of the majority valid. The case of *Searsmont* v. *Farwell*, cited for the plaintiff, is directly in our favor. But here the third member of the committee was out of town, and there was no committee to act, except those who did act. They had the same power, as they would have had, if the third had been dead.

The opinion of the Court was drawn up by

Shepley J.— When the master was dismissed from the further charge of the school, the superintending committee consisted of three persons, two of them only acted, the third being absent from town was not notified. There is no provision in the statutes, authorizing a majority to act, as there is authorizing selectmen and assessors in certain cases. The powers of this committee in executing the public trust confided to them, must be ascertained by the application of the principles of the common law. And it seems to be well settled, that when power is entrusted to several for private purposes, they must all join in the execution of it; but when the power is conferred for public purposes, a majority may act.

This bill of exceptions states, that the counsel " contended, that two of the committee could not legally act and dismiss the master, but the judge ruled otherwise." This ruling, in the manner stated, was correct; but it appears in the case, that the third committeeman was not notified; and the Judge does not appear to have particularly noticed that fact, or to have given the proper instructions in relation to it. This would not afford sufficient cause for setting aside the verdict, if it were not of vital importance in the case. Although it be true, that in the execution of a public trust, a ma-

jority may decide, yet the whole should be notified, that all may have opportunity to attend and take a part in the deliberations and decisions of the body. *Grindley* v. *Barker*, 1 *B. & P.* 236; *Baltimore Turnpike*, 5 *Bin.* 481; *McReady* v. *Guardians of the Poor*, 9 *S. & R.* 94; *Ex parte Rogers*, 7 *Cow.* 526; *Crofoot* v. *Allen*, 2 *Wend.* 494; *Damon* v. *Granby*, 2 *Pick.* 345. And it is important to require this notice to avoid the possibility, that a majority should intentionally exclude the minority from all participation in their deliberations and proceedings; and thus deprive the public of their services, prevent the exercise of a legal right, and perhaps accomplish purposes, which otherwise never could be accomplished.

In this case, it is not probable, that a notice to the third member of the committee would have been of any practical utility, because it is understood, that he was so situated that he would not have been present if notified. But that does not allow the majority to dispense with the rule requiring notice. They are not, in such cases, constituted the judges, whether the notice would be effectual to secure his attendance. Nor would it be entirely safe to entrust to them such a power, as it would afford an opportunity to select an occasion, when they might judge that a notice would be ineffectual, and thus, by neglecting to give it, free themselves from the presence of a dissenting minority. And if notice be always required, it may often happen, that those will be able to attend, who were believed to be so situated, that their attendance could not be expected. Nor is there any difficulty in giving the requisite notice in such cases, as one left at the usual place of residence would be sufficient. Such a course may cause some delay and embarrassment in the execution of some of their duties, but whether this will be a greater evil than those alluded to, and that of allowing majorities to act in all cases without the knowledge and assistance of minorities, thus constituting the majority in effect the whole committee, the legislature must judge. The court can only apply the rule of law as it finds it established.

The proceedings of the committee must be regarded as illegal and ineffectual to dismiss the master, because the third member of the committee was not notified.

*Exceptions sustained.*