PASCHAL MAGEE, Plaintiff in Error, v. J. C. D. CARMACK, Defendant in Error.

ERROR TO McDONOUGH.

A received of B, in payment of a debt, the bill of a broken bank, which had been valueless for years:—

*Held,* that A might recover the amount in an action against B.

The bill so received should be returned within a reasonable time after its receipt; but as to the reasonableness of time, the jury are the proper judges.

CARMACK sued Magee before a justice of the peace to recover ten dollars, the amount of a ten-dollar bill of the Bank of St. Clair, in the State of Michigan, which Magee had paid to Carmack for flour. Carmack recovered a judgment before the justice, and Magee appealed to the Circuit Court of McDonough county. In the Circuit Court, MINSHALL, Judge, presiding, at April term, 1851, the cause was submitted to a jury for trial, and a verdict was again found for Carmack, and a judgment was rendered accordingly. Magee entered a motion for a new trial, which was overruled.

The bill was paid to Cormack the last of April or first of May, 1850, and was returned to Magee two or three months after. The parties resided seven miles apart. The St. Clair Bank had been broken ten or twelve years, and the bill had been worthless for some years.

Magee requested that the following instructions should be given to the jury, which the court refused:

"That if the jury believe, from the evidence, that the bill is the same passed by the defendant to the plaintiff, and that it was at the time a bill of a bank not paying specie, and the bill therefore not current, and at a discount more or less; that even in this case, if the defendant did not at the time know the facts, they will find for the defendant, unless they further believe, from the evidence, that the plaintiff, in a reasonable time after he ascertained the bill to be on a broken bank, tendered or offered to return the bill to the defendant." "That if the bill was on a broken bank the plaintiff cannot recover the amount of the

same, nor for the value of the things given therefor, unless the plaintiff in a reasonable time offered to return the bill to the defendant."

WARREN & EDMONDS, for plaintiff in error,

Cited 2 Port. 280 to 284; 1 Gratt. 361; 1 Watts & Serg. 92 *et seq.*; 13 Eng. Com. Law Rep. 203; 6 Mass. 185; 11 Johns. 414; 7 Mass. 290; 2 Harr. 259; 1 Burr. 452; 1 Salk. 126; 13 East, 137; 3 T. R. 554; 4 Conn. 452; 11 Ill. 140; 6 Hill, 341; 2 Comyn on Contracts, 77.

R. S. BLACKWELL, for defendant in error,

Cited 22 Maine, 88; 11 Wend. 9, and same case reported in 13 Wend. 101; 11 Verm. 517; 2 Eng. Com. Law Rep. 282; 1 Starkie's Ev. 450.

CATON, J.   The question whether a payment made in the notes of a broken bank, when such notes are current at the time and place of payment, both parties being ignorant of the failure of the bank, is one upon which the courts of several of the States have disagreed; and as it does not necessarily arise in the decision of this case, we reserve an opinion upon it for the present.   In this case the bill was not current at the time and place of payment, nor had it been for many years.   The bank had failed some twelve years before; its notes did not circulate as money in McDonough county, and were of no value there or elsewhere.   We have no hesitation in saying, that a payment made in such notes cannot be considered as a payment in money.   In all the cases where payments made in the notes of insolvent banks have been held good, a knowledge of the failure of the bank had not reached the place of payment, or at least had not become general in the community, and the bills were generally received and treated as money in business transactions.   It was only upon the ground that such notes were received and considered by the community as money that the payment was upheld.   Here the bill paid was not money either

Magee *v.* Carmack.

in fact or in the estimation of the conventional laws of the business community where the payment was made. We are certainly not disposed to extend the doctrine of the cases where payments in the notes of broken banks have been upheld. To allow a party to palm off a worthless thing as money, which possesses none of its attributes except the bare semblance of a paper currency, would be to introduce a new element into the conventional law of trade. It is only by force of this conventional rule, and not by virtue of the common or statute law, that bank-notes are treated as money anywhere; and when any particular class of them ceases to be regarded and treated as money by the community, which makes, by its habits and practice, this conventional law, then there would be no more propriety in holding a payment made in such uncurrent paper valid, than there would a payment made in the notes of an insolvent individual, both parties supposing him to be solvent, which had never been regarded as money. There is no doubt, then, that the plaintiff had a right to return this note to the defendant and demand the amount thereof in good money. He had as much right to do so as if the note had been counterfeit. But then it is equally clear that he was bound to return it within a reasonable time after the note was discovered to be worthless. This the defendant had a right to expect, that he might avail himself of his right to recur to the person of whom he received it. Every day's delay tended to diminish the probability of his being able to fix it upon the person of whom he received it. There is certainly as much propriety in requiring the party to return an uncurrent note within a reasonable time, as there is in case of a forged note; and in the latter case it has been held by this court that the party must return the note within a reasonable time after it is discovered to be spurious, or he loses his recourse upon the person of whom he received it. Sims *v.* Clark, 11 Ill. ·137. The refusal of the court to give the instruction declaring this principle, was attempted to be sustained upon the ground, as it was insisted, that what constitutes a reasonable time is a question of law for the court, and not of fact for the jury, and hence that it would have been improper to have submitted that question to them. This position certainly was not well consi-

dered. When, from the nature of the subject, a general rule can be applied to all cases, then what constitutes reasonable notice may be a question of law for the court, as notice to the indorser of a bill or note. But when, as in this case, the question of what would constitute a reasonable time must depend upon the peculiar circumstances of each case, and cannot reasonably be subjected to any general rule, then it is a question of fact for the jury, to be determined from all the circumstances. The court erred in refusing to instruct the jury that the plaintiff could not recover if he had neglected to return the bill to the defendant within a reasonable time after he discovered the bill to be worthless; and for that error the judgment must be reversed, and the cause remanded.

*Judgment reversed.*