BOYD v. MEXICO SOUTHERN BANK, *Appellant.*

1. **Counterfeit United States Notes:** LIABILITY OF ONE PAYING THEM OUT. The holder of a bank check who receives from the bank in payment of the check a counterfeit United States treasury note, can recover of the bank the amount of the note, provided he offers to return it within a reasonable time after discovering the forgery.

2. **What is a Reasonable Time** within which a counterfeit note should be returned must necessarily depend on the situation of the parties and the facts and circumstances of each case, and is a question for the jury.

*Appeal from Pike Circuit Court.*—HON. GILCHRIST PORTER, Judge.

The plaintiff, claiming that he had received from the Mexico Southern Bank in part payment of a check on that bank, a United States treasury note for fifty dollars,

which afterwards turned out to be a counterfeit, sued to recover the amount. At the trial, the court, at the instance of the plaintiff, gave the following instruction: If the jury shall believe from the evidence in the cause, that defendant paid the bill in question to plaintiff, and that said bill in question is a counterfeit, and that plaintiff, in a reasonable time after having notice of the fact, returned said bill to defendant and demanded payment of the balance on the check on which it. had been paid to plaintiff, and that payment was refused by defendant, then the jury will find for the plaintiff the amount of the bill with six per cent. interest thereon from the time it was returned by plaintiff to defendant; and what was a reasonable time within which to return said bill is a question of fact for the jury, taking into consideration all the circumstances and surroundings then existing.

At the instance of the defendant the court gave the following, among other instructions: 4th. That although the jury may believe from the evidence in the case that defendant gave the identical bill offered in evidence to plaintiff for value, and that said bill was false and counterfeit, still the verdict of the jury should be for the defendant unless the jury should further find and believe from the evidence in the case, that the plaintiff within a reasonable time after information as to the false character of said bill came to him, returned the same to defendant for redemption. 5th. That by reasonable time, as used in the fourth instruction of this series, is meant such time as would enable the plaintiff to go to the defendant with said bill and make said tender thereof to it, without material interference with his usual or ordinary business. 6th. That if the jury should believe from the evidence in the case, that plaintiff received the bill offered in evidence from the defendant, and that the same is false and counterfeit, still the verdict of the jury must be for the defendant if the jury should further find from the evidence in the case that after plaintiff received said bill from defendant he was guilty of neg-

ligence either in making the discovery as to the false character of the bill, or after making such discovery he was guilty of negligence or unnecessary delay in returning the same to defendant. There was a verdict and judgment for the plaintiff, from which defendant appealed.

*W. O. Forrist* for appellant.

*Robinson & Smith* for respondent, cited upon the question of liability *Jones v. Ryde*, 5 Taunton 488; *Young v. Adams*, 6 Mass. 182; *Gloucester Bank v. Bank of Salem*, 17 Mass. 42; *U. S. Bank v. Bank of Georgia*, 10 Wheat. 333; *Semmes v. Wilson*, 5 Cranch C. C. 285; *Eagle Bank v. Smith*, 5 Conn. 71; *Hargrave v. Dusenberry*, 2 Hawks (N. C.) 326; *Anderson v. Hawkins*, 3 Hawks (N. C.) 568; *Thomas v. Todd*, 6 Hill (N. Y.) 340; *Ramsdale v. Horton*, 3 Pa. St. 330.

NAPTON, J.—There are two questions presented by the instructions given and refused in this case, as will be seen by an examination of them, as presented in the statement of the case. The first one is, in our judgment, attended with no difficulty, being disposed as we are to follow the opinion of Judge Kent in *Markle v. Hatfield*, 2 Johns. 458, notwithstanding the criticisms of the Supreme Court of Michigan in *Atwood v. Cornwall*, 28 Mich. 333. "It wou'd be a matter of regret," we repeat the language of Ch. J. Kent, "if the law obliged us to regard a payment in counterfeit, instead of genuine bank bills, as a valid payment of a debt, merely because the creditor did not perceive and detect the false bills at the time of payment. The reasonable doctrine, and one which undoubtedly agrees with the common sense of mankind, is laid down by Paulus in the Digest, and has been incorporated in the French law. He says that if a creditor receive by mistake anything in payment, different from what was due, and upon the supposition that it was the thing actually due, as if he receive

*brass instead of gold*, the debtor is not discharged, and the creditor, upon offering to return that which he received, may demand that which is due by the contract."

I admit that a legal tender treasury note is here on the same footing with a gold guinea in England, but think it would not be expedient in either case to follow the loose dicta reported in some ancient English cases, and referred to by Judge Kent, even if there was no doubt of the genuineness and correctness of the reports, instead of adopting the rules of the civil law and the French code, conforming, as we think they do, to the common sense of mankind, to reason and justice, and in fact the prevailing opinion at the present day both in England and this country. The instructions of the circuit court in this case are in conformity with these views.

The second point presents more difficulties, relating as it does to a subject concerning which there are intrinsic obstacles to the establishment of any fixed rule. The record in this case furnishes no facts from which this court could, as a matter of law, determine whether there was or was not any unreasonable delay in returning, or rather offering to return, the $50.00 treasury note passed by the defendant to the plaintiff. The dates as they are in the record are left blank as to the year, the month and the day, so that the decision of the second point depends solely on the propriety of the instructions given by the court to the jury. The general rule in regard to what is a reasonable time within which a party must perform some duty imposed on him by law, is that it is a question of law for the court, where the facts are undisputed, but there are exceptions to this rule, as stated by the court in *Howe v. Huntington*, 15 Me. 350. For instance, what is due diligence or a reasonable time for giving notice on negotiable paper, is a question of law, but where a bill is payable at sight or on demand, a reasonable time is allowed to present, and whether presented in a reasonable time is a question for the jury. Various other cases might be stated in which

the whole matter is necessarily and properly left to the jury. 16 Me. 184; *Cocker v. Franklin Man. Co.*, 3 Sumner 530; *Ellis v. Thompson*, 3 M. & W. 445. In *Burrill v. Watertown Bank, &c.*, 51 Barb. 105, the case, like the one now under consideration, presented the question as to what was reasonable time in returning, or offering to return a counterfeit note, and it was held that the duty of returning forged paper must begin from the time the holder has what the jury shall believe satisfactory evidence of its spuriousness, and that the question of negligence or reasonable time was one for the jury. The same principle was asserted in *Union National Bank v. Baldenwick*, 45 Ill, 375; and in *Simms v. Clark*, 11 Ill. 137 it is said, that the law undoubtedly is, that a party who innocently pays away a counterfeit bill is not bound to take it back unless it is returned to him within a reasonable time after it is discovered to be spurious, and the reason of the rule is, to enable him to trace out and fall back upon the person from whom he received it. But what shall be considered a reasonable time must necessarily depend on the situation of the parties and the facts and circumstances of each case. In the present case, the jury were told that " by reasonable time is meant such time as would enable the plaintiff (after discovering the forgery) to go to defendant, without material interference with his usual or ordinary business." It is plain that the defendant has no right to object to this instruction, though, under the decisions referred to above, the plaintiff might well claim that the whole question of reasonable time should have been left to the jury. All the instructions given for the defendant, taken together, are clearly favorable to the defense, and indicate to the jury the necessity of promptness, in order to hold the defendant liable. Whether they were applicable to the facts of the case, we are unable to say, as the bill of exceptions does not give the evidence in detail, but merely states its general tendency on either side, the only

object being, I suppose, to get the opinion of this court on the propriety of the instructions.

The judgment is affirmed. The other judges concur.

AFFIRMED.