In the Matter of the Application of KING-VARICK CORPORATION, etc. (ALBERT A. VOLK CO., INC.).

Supreme Court, New York County, May 16, 1927.

Arbitration — submission — contract contained clause limiting arbitration to assessment of damages arising by default of contractor in abandoning work — contractor specifically denies default and alleges termination of employment was wrongful — owner not entitled to arbitration of damages arising from contractor's default — propriety of contractor's discharge is not subject of arbitration — Arbitration Law, § 3, has no application.

A clause in a contract, which limits arbitration to an assessment of damages arising by reason of the default of the contractor in abandoning the work, or in refusing or neglecting to proceed therewith, or to certain other contingencies, does not entitle the owner to an arbitration of the damages it has suffered by reason of the contractor's default, where it appears that the contractor specifically denies any default and alleges that the termination of the employment was entirely wrongful; the propriety of the contractor's discharge is not the subject of arbitration and can only be determined by the court.

Section 3 of the Arbitration Law, providing that if " the default be in issue, the court or the judge thereof shall proceed summarily to the trial thereof," does not authorize the court summarily to determine whether or not there has been such a default as to authorize the owner to discharge the contractor and there-

after invoke arbitration to fix the damages, for the " default " mentioned in the statute seems to refer to the " failure to comply " with the agreement to arbitrate, not to the question as to whether there has been a breach of the contract in chief.

PETITION to compel respondent to proceed with arbitration.

*House, Grossman & Vorhaus,* for the petitioner.

*Stein & Salant,* for the respondent.

LEVY, J.    The controversy arises out of a certain contract by which the respondent undertook, in consideration of the sum of $50,000, subject to certain additions and deductions, to furnish material and labor in connection with excavation, underpinning, etc. After the performance by the contractor of perhaps the major part of its work, the owner, who is the petitioner herein, terminated its employment for cause which it deemed sufficient, and completed the work at its own expense, and is now seeking to charge the contractor with the cost.    The latter has brought an action to foreclose a mechanic's lien and the petitioner seeks to have its damage established by arbitration as an offset to the respondent's claim.    The amount of this alleged damage exceeds the sum demanded under the mechanic's lien.

The arbitration clause upon which petitioner relies reads in part as follows: " In case the owner and the contractor fail to agree in relation to the allowances mentioned in paragraph ' 23 ' of these ' General Conditions ' or losses specifically referred to as such in these general conditions, or the expense of completion mentioned in paragraph ' 33 ' of these ' General Conditions,' or should either of them dissent from the decision of the architect relating to any of these matters,   *   *   *   then the matter shall be referred to a board of arbitration   *   *   *.    No matters other than those mentioned in this paragraph shall be the subject of arbitration. The contractor shall diligently prosecute his work pending the arbitration of any dispute under this paragraph."

Arbitration is, therefore, limited to the assessment of damages arising by reason of the default of the contractor in abandoning the work or refusing or neglecting to proceed therewith or to certain other contingencies.    But the respondent specifically denies any default and alleges that the termination of employment was entirely wrongful.    The propriety of the contractor's discharge is not the subject of arbitration, and can only be determined by the court.    But in advance of such decision it is difficult to perceive how damages can be assessed by arbitration upon a hypothetical default of the contractor.    True it is that section 3 of the Arbitration Law provides: " If the making of the contract or submission *or the default be in issue,* the court, or the judge thereof, shall proceed

summarily to the trial thereof," but I do not consider that this provision authorizes the court summarily to determine whether or not there has been such a default here as to authorize the owner to discharge the contractor, and thereafter invoke arbitration to ascertain and fix the damages. The " default " mentioned in the section cited seems to refer to the " failure to comply " with the agreement to arbitrate, as set forth in a preceding portion of the section, and not to the question as to whether there has been a breach of the contract in chief. (*Matter of Bullard* v. *Grace Co., Inc.*, 240 N. Y. 388.) The latter question must be determined at a trial, since it is not one of the matters within the scope of the arbitration agreement, which is limited to the determination of damages, after it is judicially established that the contractor has been in default. The motion must be denied.