In the Matter of the Arbitration between DAYTON ALLEN, Respondent, and KENNETH DELMAR, Appellant.

*Per Curiam.* The contract of the parties assumed and required membership of both parties in the Dramatists' Guild and the arbitration of any disputes under the aegis of the Guild. The Guild refused to entertain arbitration of the particular dispute tendered because neither party was a member. When appellant joined the Guild, and the Guild thereupon accepted the arbitration,

he was doing and bringing about only what he and respondent should both have done. We find nothing improper therefore, in the Guild acting in the matter. It is the sense of section 1452 of the Civil Practice Act that arbitrators should be named, if possible, in accordance with the method provided by the contract of arbitration. That method was available here at the time the order appealed from was made. We think it may not be said, therefore, that the method had lapsed so as to require resort to the secondary method of appointing arbitrators, provided by law, namely, appointment by the court.

The order should be modified by directing that arbitration proceed before arbitrators appointed pursuant to clause 13 of the collaboration agreement and as so modified affirmed, with $20 costs and disbursements to the appellant.

COHN, J. (dissenting). The Dramatists' Guild by letter dated June 6, 1947, refused upon request of respondent to undertake the administration of the arbitration procedure or the appointment of arbitrators because neither of the parties to the collaboration agreement was a member of the Guild and for the further reason that the agreement had never been filed with that organization. Two and one-half months after the receipt of this letter by respondent and subsequent to the service of the motion papers herein requesting the court to designate arbitrators, appellant joined the Guild. Four days prior to the return date of the motion to have the court designate two arbitrators, the Guild indicated its willingness to act under the contract but respondent had no knowledge of such intention until after the return date of the motion.

The Guild originally refused to appoint arbitrators or to administer the arbitration proceeding upon request of respondent. This refusal, having continued for a period of over two months and beyond the date when the application for the court to act was made, constituted a lapse in the naming of arbitrators under the statute (Civ. Prac. Act, § 1452). The contract of arbitration failed to provide for an alternative method for the selecting of arbitrators. Accordingly, the court was justified in following the statutory method of filling the two vacancies. (*Matter of Bullard* v. *Grace Co.*, 240 N. Y. 388, 393.) There appears to be no question of the qualifications of the arbitrators selected by the court. Accordingly, I dissent and vote to affirm.

Peck, P. J., Dore and Shientag, JJ., concur in *Per Curiam* opinion; Cohn, J., dissents and votes to affirm, in an opinion in which Callahan, J., concurs.

Order modified by directing that arbitration proceed before arbitrators appointed pursuant to clause 13 of the collaboration agreement and as so modified affirmed, with $20 costs and disbursements to the appellant. Settle order on notice. [See *post*, p. 846.]