Per Curiam.

We find upon an examination of the record that there has been no arbitration of the dispute between the parties as contemplated by article XV of the contract.
An agreement to arbitrate a dispute entitles the parties to the considered judgment of the arbitrators based upon evidence and proofs adduced in the presence of all of the arbitrators. Although it is desirable to have all of the arbitrators meet, following final submission of the controversy, and participate in the deliberations so that the parties to the dispute may have the benefit of the effect the views and arguments of each arbitrator might have upon the others, the presence of all is not required (Matter of American Eagle Fire Ins. Co. v. New Jersey Ins. Co., 240 N. Y. 398). However, it is essential to the making of a valid award that all arbitrators be present at the hearings, and no proof may be received in the absence of any one of them (Matter of Bullard v. Grace Co., 240 N. Y. 388; Civ. Prac. Act, § 1456).
In the case at bar the parties agreed to submit their differences to an arbitration committee consisting of six members. Only three were present at the meeting of August 3, 1948, and as- a consequence the business transacted at the meeting could not be made the basis for the rendition of a valid award. The petitioner’s consent to, and participation in, the proceedings of August 3d, did not constitute a waiver of its rights under the contract, since the three arbitrators who were present at that meeting were not authorized to render an award or make a binding decision, but were limited to the making of recommendations. Récognition of their limited authority is evidenced by the wording of their alleged award of August 6, 1948, wherein the conclusions set forth are expressly referred to as “ recommendations ” and “ suggestions ”. Not having been vested with authority to resolve the controversy between the parties, their letter of August 6th is a nullity insofar as it purports to be a binding determination of the dispute. That being so, there could be no reopening of an arbitration hearing which had never taken place.
For the reasons assigned, the order appealed from should be reversed, with costs to the appellant and the motion granted.
Peck, P. J., Glennon, Cohn, Callahan and Van Voorhis, JJ., concur.
Order unanimously reversed, with $20 costs and disbursements to the appellant and the motion granted.