JOHN F. SHORES AND WIFE, Plaintiffs in Error, v. JOHN T. BOWEN, Defendant in Error.

1. *Arbitration and award — Motion to vacate, time of filing.*—Where a party aggrieved by an award suffered a term to elapse before filing a motion to vacate the same, he waived his remedy.

2. *Arbitration and award — Judgment on motion to vacate, demurrer to.*—A party aggrieved by an award has a right to file a paper in the nature of a demurrer to a motion for judgment on the award; and such paper, if properly filed, should not be stricken out on motion. Judgment on the arbitration and award is not granted as of course. Where the award was not vacated or mod ified or postponed, under the provisions of the statute (Gen. Stat. 1865, ch. 198, § 8 *et seq.*) the party aggrieved may defend himself against the motion, even though he may have neglected to apply in time to have the award vacated.

*Error to Fifth District Court.*

*S. A. Richardson*, for plaintiffs in error, cited 10 Kinne's Law Compendium, 42; 3 Barb. 275; 2 Hill, N. Y., 387; 12 Wend. 503; 23 Wend. 628.

*Vories & Vories*, and *McFerran*, for defendant in error.

I. The law does not authorize or permit a demurrer to a motion to confirm the award of the arbitrators, and the award and motion were sufficient in law.

II. The court below erred in not confirming said award, and in sustaining the demurrer. (Gen. Stat. 1865, p. 771, §§ 1, 6–8; Valle v. North Missouri R.R. Co., 37 Mo. 445; Caldwell on Arbitrators, 284, n. 1, and p. 286; Solomons v. McKinstry, 13 Johns. 27.)

III. The court below erred in sustaining the motion to vacate said award, because said motion to vacate was not made at the next term of said Court of Common Pleas after the publication of said award. (See Gen. Stat. 1865, p. 772, § 11.) And said court had no right or authority in law to render final judgment vacating said award, on motion of the plaintiffs in error, and the District Court committed no error in reviewing said judgment. (34 Mo. 524.)

IV. The court below erred in refusing to confirm the award of arbitrators, and in rendering judgment vacating the same. (Caldwell on Arbitrators, 276; McClure v. Shroyer, 13 Mo. 104; Valle v. N. M. R.R. Co., 37 Mo. 445; 18 U. S. Dig. 67, § 36.)

V. The award by two arbitrators under the terms of the submission, the third being absent and refusing to serve, is good. (Crofoot v. Allen, 2 Wend. 494; Gen. Stat. 1865, p. 771, § 5.)

BLISS, Judge, delivered the opinion of the court.

On the 28th of August, 1868, Alice Lazalere, then a *femme sole*, but now the wife of John F. Shores, and one of the plaintiffs, and defendant John T. Bowen, duly executed a submission of certain matters in dispute "to the arbitrament of Wm. B.

Johnson, Wm. L. Givens, and James L. Davis, or any two of them;" "that the award of the arbitrators as aforesaid, when made, may be made a rule of the Circuit Court or Court of Common Pleas of said Daviess county," etc., the parties being residents of said county. The arbitrators were sworn, and met on the 28th of August, "having duly notified the parties of the place of hearing," etc.; but the parties not being ready, they adjourned until the 31st of August. Two of the arbitrators, Johnson and Givens, met at sundry times thereafter to hear and examine the matters submitted (Davis refusing any longer to attend), and, on the 24th of September, executed their award, which was witnessed by one McDowell. It does not appear that Bowen attended any of their meetings. On the 26th of March, 1869, the plaintiffs served upon the defendant a notice, with a copy of the award, that they should apply to the Court of Common Pleas of said Daviess county on the first day of the next term—more than fifteen days thereafter—for a confirmation and judgment upon it; and immediately thereafter, and more than ten days before the term, the defendant gave the plaintiff notice that he should apply at the same term for an order to vacate the award. On the opening of the April term both motions were filed, with the necessary exhibits, so that the court had before it at the same time a motion to confirm the award and for judgment according to its terms, and also a motion to vacate it and set it aside.

The defendant demurred to the motion for judgment, and filed several affidavits in support of his motion to vacate. The Common Pleas Court sustained the latter motion, and of course overruled the motion for judgment. This action was reversed upon error in the District Court, and the defendant brings the case into this court.

We will first consider the motion to vacate; for, if that can be sustained, there can, of course, be no judgment upon the award. It should be remarked that these two motions are independent proceedings, and should not have been mixed in the record or brought up together. But, as they are here, we will consider them both. This was an arbitration under the statute, and the parties have endeavored to proceed according to its requirements.

Upon examination of its provisions, and noting the date of the award, it will clearly appear that the motion to vacate was presented too late. Section 11 of the act imperatively requires that this motion shall be filed at the first term of the court succeeding the publication of the award, provided ten days shall have elapsed. This provision is for the benefit of those who feel aggrieved at an unexpected award, and is designed to relieve them from the necessity of proceeding in chancery to impeach it, though section 23 saves the latter remedy if one chooses to pursue it. But if he would avail himself of this statutory remedy he must act promptly, that the party who would confirm the award may have opportunity to apply for judgment within his year. The motion to vacate must necessarily take precedence of the motion for judgment, though this record shows action upon the latter motion first. To suffer a term to intervene is to waive this remedy, whatever ground for relief he may have under it. The defendant let the October term of the court pass by, and did not seem to think of his right to institute this proceeding until reminded of it by the notice of the motion to affirm. The plaintiffs filed a motion to strike from the files this motion to vacate, upon the express ground that it was presented out of time, and for this reason it should have prevailed. The Court of Common Pleas committed manifest error in overruling it and in sustaining the motion to vacate, even though the grounds for so vacating were otherwise good. The defendant claims that the motion to vacate was good so far as time was concerned, because plaintiffs did not show when publication of the award was made. But the record shows, through the affidavit of the witness McDowell—which, though not copied in connection with the motion, is given in another part of the record—that the award was signed and published at its date, which was more than ten days before the October term. ( 12 Mo. 107.) But it is not so clear that the plaintiffs were entitled to judgment upon the award. They filed with and in support of their motion, the agreement to arbitrate, the affidavit of the arbitrators and their award duly executed and witnessed, with proof of its execution. The defendant demurred to the motion, which demurrer the plaintiffs moved to strike from the files, and excepted

to the action of the court in overruling his motion. The defendant had a right to object to the sufficiency of the motion for judgment by a paper in the nature of a demurrer; and if his objection is not well taken, judgment will be entered. It is but a usual way of saying that the plaintiff does not make a case; and this demurrer, as it may be called, if properly filed, should not be stricken off. Papers, if improperly filed, may be stricken from the files, but not because the issue made by them is with the opposite party. Otherwise, all demurrers, if not well taken, should be stricken out on motion instead of being overruled on hearing.

The plaintiffs, in moving to strike off the demurrer, seems to have supposed that under section 7 of the arbitration act they were entitled to judgment as of course, unless the award was vacated or modified or postponed under the provisions of the statute. But this can not be the meaning of the section. The award must be good upon its face. The papers filed must show that the statute has been complied with; and whether the objection to their sufficiency be made in a writing in the nature of a demurrer or not, the court should not give judgment upon the award unless the party shows himself entitled to it. The other party should not be driven to a court of equity for redress, even though he may have neglected to apply in time to have the award vacated or modified, but should be permitted to defend himself against the motion. The motion to strike the demurrer from the files was properly overruled, and we think some of the objections to the validity of the award were properly taken, and that the court did not err in refusing to render judgment upon it.

The award shows that all the arbitrators were present at the first meeting, but that no evidence was then submitted. At the subsequent meetings, when the examinations of the matters in dispute were had, only two of the arbitrators were present. The case was heard by the two and decided by the two. Unless there is some peculiarity in this submission, differing in this respect from others, and choosing in fact but two arbitrators instead of three, this absence from the hearing of the case is fatal to the award. Our statute expressly provides that " all the arbitrators

must meet together, and hear all the proofs and allegations of the parties," but that the award shall be valid if made by a majority only, unless the submission require the concurrence of the whole. Only two of the arbitrators having heard the proofs and allegations, it is no arbitration, and the award can not bind the defendant. The plaintiffs must claim that the submission is peculiar, in this, that it chooses two or three arbitrators as the two or three may happen to meet — that it is uncertain as to numbers. But it expressly names the three, and the statute requires that all should meet.

In New York, before the adoption of the revised statutes, from which the provision in our statute above referred to is a copy, it was held that an agreement to abide the award of three persons or any two of them, " the award of either two of them to be good," etc., was obligatory if only two of the arbitrators met and heard the case, provided the other had notice of the meeting and refused to attend. (Crofoot v. Allen, 2 Wend. 494.) The annotator of the second edition of Wendell's Reports recognizes the change made by the statute in this respect. It seems clear to me that the parties intended to choose all the three men named as arbitrators, though they were willing to abide by the award of two. Without the provision of the statute, the award would probably be good although one refused to act. But its requirement is express, and I know of no way to evade it.

The District Court reversed the judgment of the Court of Common Pleas, and rendered a judgment affirming the award. That judgment should be reversed, and the judgment of the Court of Common Pleas sustaining the demurrer to the motion for judgment on the award should be affirmed, but the other judgment upon the motion to vacate should be reversed.