DANIEL HINKLE *et al.*, Appellants, v. ROBERT W. HARRIS, Respondent.

### St. Louis Court of Appeals, February 19, 1889.

1. **Arbitration:** AFFIRMANCE OF AWARD. Although one of the parties in an arbitration has failed to file objections to the award within the time limited by the statute, this will not deprive him of a right to defend against a motion by the other party for an affirmance of the award.

2. **Arbitration:** AUTHORITY OF ARBITRATORS: EVIDENCE. Arbitrators have no authority to consider or act upon matters not submitted to them in the agreement for arbitration. Evidence is admissible for the purpose of vacating their award, by showing that they did consider and pass upon matters not in dispute, doubt or controversy between the parties, and therefore not included in the submission.

3. **Arbitration:** IMPEACHMENT OF AWARD. The presumption is, as to an award made by arbitrators, that they acted within the scope of their authority, and that their conclusion is proper. If it clearly appear that they acted within the terms of the submission, their award cannot be attacked on the ground that its conclusions are unjust. But if they exceeded their authority, by passing upon matters which had been previously settled between the parties, and were therefore not submitted to them, their action is analogous to that of a court acting without jurisdiction, and their award should not be affirmed against objections.

4. **Arbitration:** NUMBER OF ARBITRATORS. It three arbitrators are agreed upon by the parties, and only two of them proceed to act, their acts will be invalid and not binding, if one or more of the parties be not present, or not consenting to the reduced number. But if all the parties consent that the case may be passed upon by the diminished number of arbitrators, the award cannot be successfully assailed on the ground that it was made by those only who were so consented to.

*Appeal from the Cape Girardeau Circuit Court.*—HON. H. C. O' BRYAN, Judge.

REVERSED (*and motion dismissed*).

*J. W. Limbaugh*, for the appellants.

The submission was a general one of all controversies between the parties, and includes all matters of dispute between them at that time.    Freem. Judg. [ 2 Ed.] p. 345, secs. 321, 322 ; *Harris v. Mfg. Co.*, 5 Am. Rep. 549.    And parol evidence is inadmissible to show that the arbitrators awarded concerning a matter which was not in controversy at the time of the submission. *DeLong v. Stanton*, 9 Johns. 38.    The presumption is that the arbitrators did not exceed the powers given them, and it devolved on defendant to show the contrary. 6 Wait Act. & Def. 506, 525, 528.    Defendant's remedy if he believed the arbitrators awarded upon matters not submitted to them, was to move to modify the award. R. S. 1879, sec. 336.    It was, however, too late to do that when he filed his motion.    R. S. 1879, sec. 336.    The agreement to submit to arbitration and the delivery of the note by Harris to Roberts constituted an abandonment of any settlement formerly had between the parties, and opened the whole partnership matter to adjustment by the arbitrators,    The award and defendant's testimony both show that he was present at the arbitration.    He is presumed to have known what was taking place there ; and in the absence of any charge of fraud the recital in the award, that the respective claims of plaintiffs and defendant were presented as therein set out, is conclusive on defendant of that fact, and he will not now be permitted to deny it.    Defendant's second and third objections are that but two of the three arbitrators met and heard the case.    On this point Harris testified :    " I did not object to two arbitrators hearing it.    I knew Kinder could not get there, and I consented to go ahead without him."    *Sweeny v. Vaudry*, 2 Mo. App. 352.    As a motion to vacate, defendant's pleading

came to late. Section 337 requires the motion to be made at the first term of court after publication of the award. The circuit court of Cape Girardeau county is held on the first Mondays in January and May, and the fourth Monday in August. R. S. 1879, sec. 1154, as amended by Sess. Acts, 1887, 149. This award was published, as shown by the evidence, prior to December 20, 1887. Defendant's pleading was filed at the May term, 1888, at the second term after publication. On the case, as made by the pleadings, the only evidence pertinent thereto was the submission to arbitration and the award in pursuance thereof, and upon such proof it was the duty of the court to confirm the award. R. S. 1879, chap. 4, sec. 333. The award of arbitrators has the force and effect of a judgment and the negotiations, differences and attempts to settle between the parties prior to the arbitration, are incompetent as evidence to impeach or vacate the award. Whart. Law of Ev. [2 Ed.] sec. 800 ; Freem. Judg. [2 Ed.] sec. 320, p. 343. The only defense, if any there was, and upon which alone, if at all, defendant should have been permitted to offer evidence was whether the arbitrators exceeded their authority. That was a matter of inspection of the agreement to submit and of the award, and not a proper subject of oral evidence. The arbitrators act by virtue of the authority and power given them in the articles of submission. Their award is final and conclusive as to all matters coming within the scope of the authority given them therein. They are the judges of the law and the facts. *Valle v. Railroad,* 37 Mo. 445 ; *Bennett v. Russell,* 34 Mo. 524 ; *Squires v. Anderson,* 54 Mo. 193 ; *Mitchell v. Curran,* 1 Mo. App. 453 ; *Harris v. Mfg. Co.,* 5 Am. Rep. 549 ; 6 Wait Act. & Defs. 519, 530. Their conclusion is subject to attack only on the grounds set forth in section 335 and 336, Revised Statutes 1879, and only in the manner provided by section 337.

VOL. xxxiv—15

Every reasonable intendment is to be made in favor of an award. It will be intended that the matter or right adjudged was submitted till the contrary appears. *Harris v. Mfg. Co.*, 5 Am. Rep. 549 ; *Strong v. Strong*, 9 Cush. 564–5. It is the policy of the law to encourage arbitration. *State ex rel. v. Merchants' Exchange*, 2 Mo. App. 96.

*Wilson Cramer* and *R. B. Oliver*, for the respondent.

No declarations of law were asked or given in this case; where this is so the presumption is that the court sitting as a jury correctly assumes the' law, and that its findings of fact are in accordance therewith. *DeLaureal v. Kemper*, 9 Mo. App. 77 ; *Foul v. City Cameron*, 19 Mo. App, 467 ; *Tyler v. Larimore*, 19 Mo. App. 445 ; *Wood v. Land*, 22 Mo. App. 425 ; *Harrison v. Bartlett*, 51 Mo. 170 ; *Miller v. Breneke*, 83 Mo. 164. The objection to the introduction of the pretended award was well taken and ought to have been sustained. The agreement to arbitrate only included "certain matters of account now open and unsettled," and did not include settlements that had been made, notes that had been given, stock, etc., etc. The parties had the unquestioned right to limit it to matters of "account now open." And the pretended arbitrators had neither the power nor right to act on questions and matters not submitted to them. *Squires v. Anderson*, 54 Mo. 193, and cases therein cited. Where general words follow particular words the former are to be construed as applying only to the things particularly named. *Knox City v. Thompson*, 19 Mo. App. 523. Again, the statute is absolute in its requirements : "All the arbitrators must meet together and hear the proofs," etc., renders a less number absolutely incompetent to sit. *Bowen v. Lazalere*, 44 Mo. 383, 387 ; R. S., sec. 331. The case of *Sweeney v. Vaudry*, 2 Mo. App. 352, cited

by appellants, has no application to the case at bar. The submission in that case was to five, or a *quorum* of them. Not so here. The agreement is to submit to three—Drum, Wills and Kinder—with the further agreement to "abide by the award that may be made by the said arbitrators, or any two of them"—in exact accord with the requirements of the statute, section 331, as interpreted and construed by the supreme court in *Bowen* cases, *supra*. The trial court who heard this case saw the witnesses on the stand, saw the great advantage the appellants had taken by their attorney in trying to enlarge the submission, so as to include matters that had been settled, and matters other than "open account"—and for these reasons, as well as the legal reason heretofore mentioned, decided to leave these parties in a position where they could, without prejudice to either, settle this whole controversy. The judgment upon record is for the right party and should be affirmed. *Bridge Co. v. Ring*, 58 Mo. 491; *Fell v. Mining Co.*, 23 Mo. App. 216. The agreement to arbitrate being general, and not specifying what matters are submitted, this is a question of fact to be passed upon by the court, and the testimony offered was competent, otherwise the court could not determine whether the arbitrators exceeded their authority or not, as it may do on motion to vacate. *Squires v. Anderson*, 54 Mo. 193; R. S. 1879, sec. 335. The purpose of the arbitration was simply to settle whether Harris had misapplied partnership funds. There were at the time no other "matters of account now open and unsettled," nor "other subjects of dispute" existing between the parties. "It is generally conceded that the mere existence of a cause of action will not bring it within a general submission, if it is not a matter of dispute between the parties when the agreement to submit to arbitration is consummated." Freem. Judgs. [2 Ed.] sec. 322. Neither party is entitled to have an award

affirmed as a matter of right; the court, upon a hearing, could refuse to affirm even though no motion to vacate had been made. In the case of *Shores v. Bowen*, the supreme court of Missouri says : "The other party should not be driven to a court of equity for redress, even though he may have neglected to apply in time to have the award vacated or modified, but should be permitted to defend against the motion." *Shores v. Bowen*, 44 Mo. 400. The submission being to three, C. A. Wills, W. W. Drum and A. H. Kinder, it was essential to a valid award that all three should meet and hear the cause. The statute requiring this is imperative. R. S. 1879, sec. 331 ; *Bowen v. Lazalere*, 44 Mo. 387; *Shores v. Bowen*, 44 Mo. 400. In the present instance only two of the arbitrators were sworn and the award shows on its face that they alone met. It does not account for the absence of the third, nor show that his presence was waived by the parties. Being jurisdictional, the waiver, if there was one in fact, should appear from the record made by the arbitrators and not be left to be determined upon contradictory statements of the parties. The mere recital, "all parties being present exhibited their accounts as follows," ought not to be construed as a waiver by either party of an express mandatory requirement of the statute. The eleven-hundred dollar debt was not one due from Harris to the firm of Hinkle, Harris & Co., but was for borrowed money and his partners were simply sureties. At the dissolution they assumed the payment of this sum, took a deed from Harris for his interest in the real estate and executed to him the note for eight hundred and twenty-five dollars. Where the arbitrators exceed their authority the award is void. 2 Pars. Contr. [ 6 Ed.] 689 ; R. S. 1879, sec. 335.

BIGGS, J., delivered the opinion of the court.

On the eighth day of December, 1887, the plaintiffs and defendant entered into the following agreement

to-wit: "Whereas certain differences have arisen and are now existing between the undersigned Daniel Hinkle, John Fullbright and Marion Drum, of the one part and Robert W. Harris of the other part respecting certain matters of *account* now *open* and *unsettled*, and divers other subjects of dispute between us ; we therefore agree to submit to W. W. Drum, C. A. Wills and A. H. Kinder, as arbitrators, as well the said matters of account, and other subjects of dispute, as also all other manner of controversies and demands whatsoever, both at law and in equity, at any time or times heretofore had, or in anywise pending between us, and we do mutually agree to abide by and faithfully perform the award that may be made in the premises by the said arbitrators or any two of them, so as the said award be made in writing, and a copy thereof be served upon us, on or before the twentieth day of December, 1887, and we do further agree that judgment may be rendered by the circuit court of Cape Girardeau county, Missouri, upon the said award, when made in accordance with the statutes in such cases made and provided."

Only two of the arbitrators qualified. They met on the eighth day of December and all parties were present. No objection was made by either party, to the matter being heard and determined, by the two arbitrators who were present, and had qualified. An adjournment was had, and on the tenth day of December, the two acting arbitrators agreed upon the following award : "We the undersigned arbitrators selected by John Fullbright, Daniel Hinkle and Marion Drum, of the one part, and Robert W. Harris of the other part, to settle and adjust certain matters of dispute between them, met at Oak Ridge, Missouri, on the eighth day of December, 1887, all parties being present, exhibited their accounts, and claims as follows : Robert W. Harris presents note dated June 3, 1887, for the sum of eight hundred and

twenty-five dollars, signed by John Fullbright, Daniel Hinkle and Marion Drum, upon which is found a balance of seven hundred and eighty dollars and forty cents yet unpaid ; also presents four sundry accounts ( *sic* ) to ninety dollars. John Fullbright, Daniel Hinkle and Marion Drum, present three sundry accounts amounting to one hundred and thirty dollars and five cents against Robert W. Harris ; they also present a claim of eleven hundred dollars of indebtedness against Robert W. Harris of the late firm of Hinkle, Harris & Co., of which John Fullbright, Daniel Hinkle and Marion Drum have assumed all liabilities, and are bound by law to pay. We therefore order and direct that Robert W. Harris surrender and deliver over to the said John Fullbright, D. Hinkle and M. Drum, the note and accounts above specified and we further order and direct that the said John Fullbright, Daniel Hinkle and Marion Drum, relinquish and cancel all accounts and claims against the said Robert W. Harris."

At the May term, 1888, of the circuit court for Cape Girardeau county, plaintiffs filed in said court a motion for affirmance of said award, and that judgment be entered thereon.

At the same time defendant appeared and filed in court a pleading or motion, objecting to the affirmance of said award and urged among other reasons why this should not be done: "That only two, of the arbitrators selected, had qualified, and that the third arbitrator did not act, and that in the investigation of the matters in dispute or controversy between the parties, the arbitrators exceeded their authority, and considered matters of business about which there was no controversy, and were not contemplated by the parties at the time of the submission." The case was heard by the court, and resulted in the finding of the issues for the defendant Harris. In due time the plaintiffs filed their motion for

a new trial which being overruled, they have brought the case to this court by appeal.

I. The first contention by counsel for appellants, is, that the court refused. to strike out defendant's motion or objections to the affirmance of the award, for the reason, that the evidence tended to prove that a copy of the award was served on defendant between the tenth and twentieth days of December, 1887, and that as defendant's motion was in the nature of a motion to vacate or modify the award, that the same should have been filed at the January term, 1888, of said circuit court, that being the next term of said court after the publication of said award. (Section 337, R. S.) Plaintiff's counsel has mistaken the exact nature of the paper filed by defendant. It is more in the nature of an answer or equitable defense to plaintiff's motion for judgment. The supreme court in *Shores v. Bowen*, 44 Mo. 396, has passed directly on this question. The court said in substance: "That although the party objecting to an award had failed to file his motion to modify or vacate the award within the time prescribed by the statute, yet he could defend against the motion of his adversary to have the award affirmed and judgment entered thereon, and that he could not be driven to a court of equity for redress." We can see no good reason why defendant should not be permitted, in this proceeding, to show the invalidity of this award, and urge this as a reason why judgment should not be entered thereon. This assignment must be ruled against plaintiffs.

II. The testimony introduced by defendant, tending to show what matters *were*, and what *were not* the subject of dispute and controversy between the parties at the time of the submission, was admissible. The principle reason urged by defendant's counsel, why the award was invalid, and why judgment should not be

entered thereon, was, that the arbitrators exceeded their authority. It is an elementary principle of law that a matter is *not the subject of submission to arbitration*, unless at the time of the submission it was the subject of *dispute, doubt or controversy* between the parties. Therefore, when the contract of submission, as in this case, is general in its terms, and does not point out or specify what particular matters are to be passed on by the arbitrators, on objection to the award by either party, it is competent to show that the arbitrators exceeded their authority, *i. e.*, that they considered and passed on matters not in *dispute, doubt or controversy* and were, therefore, not included in the submission. And this is permitted to be done, not for the purpose of varying or explaining the award, but for the purpose of showing that the award is invalid. The supreme court in case of *Squires v. Anderson*, 54 Mo. 197, laid down the doctrine, that if the arbitrators assume to act on questions or matters not submitted, their award will not be binding. In this case parol proof was admissible to show that the arbitrators undertook, and did, in making up their award, act on matters not in controversy, and not contemplated by the parties at the time of the submission. It would be absurd to say, that an award is void, if the arbitrators exceeded their authority, and at the same time deny to the party asserting this, the right to introduce the only kind of testimony by which the fact could possibly be shown. There is quite a difference between arbitrators abusing authority *actually conferred* and acting without *any* authority. If arbitrators act within the scope of their authority, and come to a conclusion, it cannot be shown by parol ( because their finding is in the nature of a judgment ), that this conclusion was unjust. But if the arbitrators go outside of the submission, then we think their action would be analogous to a court acting without jurisdiction. Morse Arb., 570, 66, 181, 178. In

all such cases however, the presumption is, that the award is valid and that the arbitrators acted within the scope of the submission ; and the award will be upheld unless it appear on the face of the record or is affirma-. tively shown, that the arbitrators did not so act. Morse Arb. p. 179.

We think that the testimony in this case clearly shows that the pretended indebtedness of eleven hundred dollars against defendant, and which was allowed plaintiffs in the award, was not the subject of any doubt or controversy, at the time of the submission, and that no such indebtedness existed or was claimed by the parties, at the time of the submission. Nor did any such indebtedness accrue after the submission, and was, by consent, submitted to the arbitrators. The only connection that defendant had with this matter, grew out of a partnership between the parties to this litigation. Six months before the submission this co-partnership was closed up. There was a final and complete settlement of all partnership business, and this indebtedness of eleven hundred dollars, which was held by a third party, was in said settlement assumed by plaintiffs, a new note given by them for the amount, and the old note taken up and cancelled. Defendant says that the only matter in dispute or controversy between him and plaintiffs and which rendered the arbitration necessary, was a charge made by plaintiffs, that he (defendant) as a member of said firm, had used about five hundred dollars of the firm's money, and had failed to charge himself with it. Defendant denied this. They could not agree, and the arbitrators were selected for the purpose of adjusting this matter of difference. While this controversy was going on, defendant, for the purpose of securing the plaintiffs, in the event it should subsequently appear that he had used any portion of the firm's money, and had failed to account for it,

voluntarily placed in the hands of plaintiff's attorneys, the note for eight hundred and twenty-five dollars which he held against the plaintiffs, and this is the only connection that this note had with the matter in dispute.

There was nothing said about the indebtedness for eleven hundred dollars, and no intimation that the former settlement of the business of the firm should be set aside. But on the contrary, it appears that plaintiffs offered to pay their note for eight hundred and twenty-five dollars, if defendant would consent to account for five hundred dollars of the firm's money, which plaintiffs claimed that defendant had embezzled. And it also appears, that about a month after this controversy began, plaintiffs paid defendant on the note he held against them one hundred dollars. This conduct on part of plaintiffs, is inconsistent with the idea or theory, that plaintiffs were claiming that defendant was under any legal or equitable obligation to pay the old debt of eleven hundred dollars, which they had assumed to pay. It may be here remarked, that in the selection of the arbitrators, in the *preparation* of the *articles* of *submission* and in the *proceedings* before the arbitrators, the plaintiffs were represented by *able* counsel and the defendant acted without legal advice. Plaintiffs' attorney was the only witness who testified in *their behalf*, and while his testimony has some tendency to prove that the partnership's settlement was intended to be set aside, and the indebtedness for eleven hundred dollars considered and re-adjusted, yet his testimony is *so unsatisfactory*, that we think the trial court was fully warranted in coming to the conclusion, that no such matters were contemplated by the parties at the time of the submission. Nor can it be said that the defendant consented to the consideration of this item of eleven hundred dollars, because defendant swears that

he was not present when it was submitted, and knew nothing about it, until he saw the award. We think that this objection to the validity of the award by defendant was well taken and that the court did not err in refusing to render a judgment upon it.

Under the view we have taken of this branch of the case, it becomes unnecessary to notice other objections and exceptions urged upon the attention of this court by counsel for both plaintiffs and defendant. But in reference to the objection made by defendant that only two of the arbitrators qualified and that they alone heard the case, and made the award, we will say, that the facts in the case at bar, are different from those in the case of *Bowen v. Lazalere*, 44 Mo. 383, cited and relied on by defendant. In that case, it appears from *Shores v. Bowen*, 44 Mo. 396 (which was a branch of the same case), that the defendant Bowen, who was objecting to the award, was not *present* at any of the meetings of the arbitrators. In such a case we think a party would not be bound if only two of the arbitrators assumed to act. But we do not think that the supreme court, in the case cited, intended to decide, that a party could not *waive* the right to have his case passed on by the number of arbitrators agreed on in the submission.

In entering judgment in this case, the trial court, not only overruled plaintiffs' motion to affirm the award, and entered judgment thereon against the plaintiffs, but granted defendant affirmative relief by vacating the award. In this proceeding, the circuit court was confined simply to a disposition of plaintiffs' motion for judgment and that part of the judgment below vacating the award was erroneous. While we are of the opinion that the award is invalid for the reasons stated in this opinion, yet this was a proceeding under the statute, and as defendant had failed to file his motion to vacate or modify the award within the time prescribed by the statute, his defensive pleading to plaintiffs' motion for

judgment, which was filed at the second term of the circuit court after publication of the award, could not be treated by the court as equivalent to a motion to vacate under the statute. *Bowen v. Shores, supra.*

The judgment of the circuit court as rendered, is hereby set aside and reversed, and judgment will be entered in this court overruling plaintiffs' motion to affirm the award and for judgment thereon, and dismissing said motion at plaintiffs' cost. With the concurrence of the other judges, it will be so ordered.