**J. P. GREATHOUSE STEEL ERECTORS, INC., a corporation, Appellant,**

v.

**BLOUNT BROTHERS CONSTRUCTION COMPANY, Appellee.**

No. 20082.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 21, 1966.

Decided Feb. 8, 1967.

Petition for Rehearing Denied
March 14, 1967.

Ivan J. Shefferman, Washington, D. C., for appellant.

Frederick A. Ballard, Washington, D. C., and Frank H. McFadden, Birmingham, Ala., of the bar of the Supreme

Court of Alabama, pro hac vice, by special leave of court, for appellee.

Before BAZELON, Chief Judge, EDGERTON, Senior Circuit Judge, and WRIGHT, Circuit Judge.

EDGERTON, Senior Circuit Judge:

A subcontract between appellee Blount Brothers Construction Company (Blount) as general contractor and appellant J. P. Greathouse Steel Erectors, Inc., (Greathouse) as subcontractor, provided that "If any question of fact shall arise under this contract * * * either party hereto may demand an arbitration * * *." Greathouse quit the job because of disputes between the parties and Blount completed the work Greathouse had begun.

Greathouse sued Blount for breach of contract and demanded a jury trial. Instead of filing an answer, Blount moved for an order "directing plaintiff to proceed forthwith to arbitrate the disputes which have arisen under the contract * * *." The District Court granted the motion, ordered "that plaintiff and defendant proceed forthwith to arbitrate all matters in dispute which are subject to arbitration under the contract between them," and stayed proceedings in the suit "subject to the further order of the Court upon issuance of the arbitration award."

Greathouse claimed $21,130.75 from Blount in the arbitration proceedings and Blount claimed $157,742.38 from Greathouse. The arbitrators held a hearing and made an award that Greathouse pay Blount $50,000, plus an attorney's fee of $4,400, and also pay the entire expense of the arbitration. The arbitrators made no findings of fact, conclusions of law, or other explanation of their award. The court denied Greathouse's motion to vacate the award, granted Blount's motion to confirm it, and entered judgment on the award.

As we understand the subcontract, its arbitration clause covers only questions of fact. Though it provides for the naming of arbitrators, in certain circumstances, by the American Arbitra-

tion Association, it does not adopt the provision which the Association's rules recommend that "Any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration * * *." It seems clear that the parties did not intend, by the narrow language they used instead of the broad language recommended by the Association, to agree to arbitrate claims for breach of contract that involve questions of law as well as fact.

Appellee does not dispute this, but contends that no questions of law were involved in the unexplained award which the arbitrators made. We disagree. Greathouse and Blount charged each other with various breaches of contract. Neither party claimed that it had fully performed the contract. The respective claims involved not only the question what each party had done or failed to do but also the question which party, if either, as a matter of law was excused for his non-performance by the other's failure to perform. If the unexplained award of the arbitrators had any rational basis, they must have decided questions of law. They thereby exceeded their authority.

The arbitrators exceeded their authority in other respects also. They required Greathouse to pay all the expense of the arbitration, although the subcontract provided that "Each party shall pay one-half the expense of such reference." They required Greathouse to pay Blount an attorney's fee of $4,400. The subcontract provided that if Blount should employ an attorney "to enforce any provision hereof", Greathouse would pay Blount its reasonable attorney's fee. But what Blount is seeking to enforce is not a provision of the contract. It is an award that is not authorized by the contract.

Accordingly, the District Court should have granted Greathouse's motion to vacate the award. 9 U.S.C. § 10(d) (1964). The judgment is reversed, the award vacated, and the cause remanded for a jury trial.

Reversed and remanded.