# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued April 15, 2025          Decided August 15, 2025

No. 24-5122

VIRGIN ISLANDS HOUSING FINANCE AUTHORITY,
APPELLANT

v.

FEDERAL EMERGENCY MANAGEMENT AGENCY,
APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:23-cv-02845)

*Michael Bhargava* argued the cause for appellant. On the briefs was *Robert Nichols*.

*Sarah Smith*, Attorney, U.S. Department of Justice, argued the cause for appellee. On the brief were *Brian M. Boynton*, Principal Deputy Assistant Attorney General, at the time the brief was filed, *Mark B. Stern*, Attorney, at the time the brief was filed, and *Kelsey Fraser*, Attorney. *Gerard J. Sinzdak*, Attorney, entered an appearance.

Before: WALKER, PAN, and GARCIA, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* GARCIA.

GARCIA, *Circuit Judge*:    This case arises out of a reimbursement dispute between the Virgin Islands Housing Finance Authority and the Federal Emergency Management Agency.  The Authority chose to arbitrate the dispute before the Civilian Board of Contract Appeals.  Dissatisfied with the award it received, the Authority moved to vacate the Board's decision under the Federal Arbitration Act and the Administrative Procedure Act.  The district court held that the Authority had missed the deadline for serving the FAA motion and that the APA claim was precluded.  We agree on both fronts and affirm.

**I**

In 2017, two Category 5 hurricanes struck the U.S. Virgin Islands.  President Trump declared them "major disaster[s]" and authorized the allocation of emergency funding to the territory.  *Presidential Declaration of a Major Disaster for the U.S. Virgin Islands*, 82 Fed. Reg. 43066, 43066 (Sep. 13, 2017); *Virgin Islands; Major Disaster and Related Determinations*, 82 Fed. Reg. 46813, 46813 (Oct. 6, 2017); *see* 42 U.S.C. §§ 5121–5207.

FEMA spearheaded the disaster-relief effort.  Among other programs, FEMA provided funding to repair damaged homes across the islands.  The territory could request reimbursement for eligible work.  *See* 44 C.F.R. §§ 206.200, 206.202, 206.223.

The Virgin Islands Housing Finance Authority contracted for thousands of restoration projects, incurring several hundred million dollars in expenses.  After those projects were completed, the Authority submitted a reimbursement request to

FEMA, claiming more than $594 million in costs. FEMA initially denied around $85 million of the claimed costs. The Authority appealed to a FEMA administrator and recouped another $8.5 million.

The Authority then sought to recover the remainder, and had two procedural options. It could take another appeal within FEMA, *see id.* § 206.206(b)(2), or it could request arbitration before the Civilian Board of Contract Appeals, an administrative tribunal within the General Services Administration, *see id.* § 206.206(b)(3); 42 U.S.C. § 5189a(d)(1). The Authority chose arbitration, and the Board assigned the case to a three-judge arbitration panel, which held a hearing in early 2023. After the hearing concluded and the record closed, however, one judge took "extended leave" and was "unable to participate in the arbitration decision." J.A. 4 n.1. The two remaining panel members then issued a decision on June 28, 2023, determining that the Authority was not entitled to full reimbursement.

A month later, the Authority asked the Board to vacate the panel's decision. The award was invalid, the Authority claimed, because the arbitrators had no authority to issue a decision without all three panel members present. The Board declined the Authority's request.

The Authority then moved to vacate the award in federal district court under the Federal Arbitration Act, raising the same quorum issue. The motion also included a claim under the Administrative Procedure Act. The Authority filed its motion on September 26, 2023 and served notice on FEMA on September 29.

The district court denied the motion. It held that relief under the FAA was unavailable because the Authority had failed to timely serve FEMA. *V.I. Hous. & Fin. Auth. v. FEMA*, 728 F. Supp. 3d 17, 21 (D.D.C. 2024). It also held that relief

4

under the APA was unavailable because the FAA precludes APA review in this setting. *Id.* at 30. The Authority appeals, challenging both points.

**II**

**A**

We first consider whether the Authority timely served notice of its FAA motion. We agree with the district court that it did not.

Under the FAA, once an arbitration award has issued, a party to the arbitration can move to vacate the award in federal district court. 9 U.S.C. § 10(a). But the time to bring such a motion is limited. The party challenging the award must serve notice of its motion on the other side "within three months after the award is filed or delivered." *Id.* § 12.

The Authority did not meet this deadline. The award here was issued, "filed," and "delivered" on June 28, 2023. And the Authority failed to serve notice of its motion "within three months" of that date: It mailed a copy of the motion to FEMA on September 29, 2023—one day outside the three-month window.

Even so, the Authority insists that its notice was timely. It claims that the arbitration panel had no authority to issue an award without all three members present. That flaw, the Authority argues, renders the award "void *ab initio*" (or invalid from the beginning). Appellant's Brief 34. And, the Authority submits, a void award is no "award" at all and so cannot start the FAA's three-month notice deadline. Instead, an award issued without authority can be challenged at any time, without limit.

5

We disagree. Whether or not the panel had the authority to make the award, the FAA's three-month deadline would apply all the same.

To start, the FAA's text offers no support for the Authority's proposed carveout. By its terms, the notice deadline applies to any motion to vacate "an award," and is triggered when the award is "filed or delivered." 9 U.S.C. § 12. It does not distinguish between different kinds of arbitration awards. Nor does it mention any exceptions. Instead, the notice provision creates what has been "consistently interpreted" as "a strict deadline." *Argentine Republic v. Nat'l Grid Plc*, 637 F.3d 365, 368 (D.C. Cir. 2011).

If Congress intended to exempt awards that arbitrators lacked authority to issue from the three-month deadline, it presumably would have said so. Congress plainly had such awards in mind when it enacted the FAA. After all, that the "arbitrators exceeded their powers" is one of the few grounds the FAA specifies for vacating an award, and that provision encompasses the type of challenge made here. 9 U.S.C. § 10(a)(4). We are skeptical that Congress expressly permitted such "exceeded their powers" challenges on the one hand and silently exempted them from the notice deadline on the other.

The potential breadth of the Authority's proposed exemption adds to our skepticism. By some accounts, the "exceeded their powers" ground is the "most frequent" basis for motions to vacate. Andrew M. Campbell, Annotation, *Construction and Application of § 10(a)(4) of Federal Arbitration Act (9 U.S.C.A. § 10(a)(4)) Providing for Vacating of Arbitration Awards Where Arbitrators Exceed or Imperfectly Execute Powers*, 136 A.L.R. Fed. 183, § 2[a] (1997). Arbitrators derive their authority from the parties' agreement, and many challenges to an arbitration award can be framed as suggesting "the arbitrator act[ed] outside the scope

of his contractually delegated authority." *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013) (citation modified). An arbitration panel exceeds its powers, for instance, when it decides an issue that the parties did not submit to arbitration, grants relief beyond the scope of the arbitration agreement, or (as alleged here) acts without a quorum. *See, e.g.*, 2 Jay E. Grenig, *Domke on Commercial Arbitration* § 39:13 (3d ed. 2025); 21 Richard A. Lord, *Williston on Contracts* § 57:145 (4th ed. May 2025 update); *see also J.P. Greathouse Steel Erectors, Inc. v. Blount Bros. Constr. Co.*, 374 F.2d 324, 325 (D.C. Cir. 1967) (holding that arbitrators "exceeded their authority" by granting "an award that is not authorized by the contract"). We will not, as the district court aptly put it, read "such a gaping exception" into the FAA's notice provision without some textual basis for it. 728 F. Supp. 3d at 24.

Principles of arbitration enshrined in the FAA make us all the more hesitant to accept the Authority's position. The FAA sought to "maintain arbitration's essential virtue of resolving disputes straightaway." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 588 (2008). The statute's three-month limitations period furthers that purpose by giving challengers a limited window within which to challenge an arbitration award. *See, e.g.*, *Chauffeurs, Teamsters, Warehousemen & Helpers, Loc. Union No. 135 v. Jefferson Trucking Co.*, 628 F.2d 1023, 1027 (7th Cir. 1980); *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 177 (2d Cir. 1984). The Authority's proposed exception, by contrast, would invite long-delayed challenges to an arbitration award's validity, undermining the FAA's interests in speed and finality.

The reality that we are interpreting a procedural deadline reinforces the point. We generally do not assume that Congress crafts procedural rules that will "invite extensive threshold litigation." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464 n.13 (1980) (citation modified). Courts and parties, we have said,

"should be able to answer a simple procedural question" (like when service is due) "without having to answer a complex merits question" (like whether an arbitration panel exceeded its authority). *New York Stock Exch. LLC v. SEC*, 2 F.4th 989, 993 (D.C. Cir. 2021). So to the extent we have any doubts about what Congress meant, interests in "predictability and clarity" favor "an easily ascertained bright line." *Id.* All of this confirms that Congress did not silently build an "exceeded their powers" exception into the FAA's notice deadline.

So far as we can tell, every court to confront this issue has reached the same conclusion. Many courts have held that the FAA's notice deadline applies to motions arguing that the arbitrators lacked authority to issue the award or otherwise exceeded their powers. *See, e.g.*, *Int'l Union of Operating Eng'rs, Loc. No. 841 v. Murphy Co.*, 82 F.3d 185, 189 (7th Cir. 1996); *DeLorto v. United Parcel Serv., Inc.*, 401 F. Supp. 408, 409 (D. Mass. 1975); *Hill v. Aro Corp.*, 275 F. Supp. 482, 486–87 (N.D. Ohio 1967); *SBRMCOA, LLC v. Beachside Assocs., LLC*, 78 V.I. 846, 851 ¶ 14 (2024). More have said the same about similarly worded state arbitration statutes. *See, e.g.*, *Sullivan v. Gilchrist*, 87 F.3d 867, 871 (7th Cir. 1996); *New Med. Horizons II, Ltd. v. Jacobson*, 317 S.W.3d 421, 430 & n.6 (Tex. App. 2010); *Springfield Tchrs. Ass'n v. Springfield Sch. Dirs.*, 705 A.2d 541, 547 (Vt. 1997); *Loc. 589, Amalgamated Transit Union v. Mass. Bay Transp. Auth.*, 491 N.E.2d 1053, 1056 (Mass. 1986); *Bingham Cnty. Comm'n v. Interstate Elec. Co.*, 665 P.2d 1046, 1049 (Idaho 1983); *Schroud v. Van C. Argiris & Co.*, 398 N.E.2d 103, 105–06 (Ill. App. Ct. 1979); *Textile Workers Union v. Uncas Printing & Finishing Co.*, 125 A.2d 236, 239 (Conn. Super. Ct. 1956). No court, to our

knowledge, has taken a different view on the exact question before us.[1]

The Authority's counterarguments lack merit.

For starters, the Authority argues that the "exceeded their powers" ground for vacatur covers only purportedly final awards that "fail[] to reach all the issues presented by the parties." Appellant's Brief 37. This argument is difficult to track. For one thing, as we have explained, the "exceeded their powers" ground is not nearly so narrow. It applies whenever an arbitrator "acts outside the scope of his contractually delegated authority." *Oxford Health Plans*, 569 U.S. at 569 (citation modified). For another, if the Authority were correct, the argument would completely backfire. The Authority itself moved for relief under the FAA solely on the ground that the panel members had "exceeded their powers." *See* Pet'r's Mem. Supp. Mot. Vacate at 5, Dkt. No. 1-1. If an arbitration panel could exceed its authority only by "fail[ing] to reach all the issues presented by the parties," Appellant's Brief 37, then the Authority no longer has a hook for FAA review. Either way, the FAA motion fails.

Seeking a textual hook for its position, the Authority argues that an award exceeding the arbitrator's authority is no "award" at all within the meaning of the FAA, and thus cannot

---

[1] Some decisions, we note, have held that the FAA's three-month deadline does not apply if "there was no written agreement to arbitrate" in the first place. *E.g.*, *MCI Telecommunications Corp. v. Exalon Indus., Inc.*, 138 F.3d 426, 430 (1st Cir. 1998). We do not decide whether that rule complies with the FAA: The Authority does not rely on these cases, and they do not go so far as to embrace the Authority's much broader "exceeded their powers" exception. *See id.* Moreover, by their terms, these decisions apply only if the challenger "did not participate" in the underlying arbitration proceeding. *Id.* at 431. That condition is not met here.

trigger the statute's notice provision. But the FAA's text disproves that theory. The statute, as discussed, expressly contemplates that an "award" can exist (and be vacated) "where the arbitrators exceeded their powers." 9 U.S.C. § 10(a)(4). It envisions that a party to the arbitration may apply to vacate such an "award" and that a district court "may make an order vacating the award." *Id.* § 10(a). An award exceeding the arbitrator's powers, in other words, must be an "award" under the FAA.

Trying a different angle, the Authority insists that this award could not trigger the FAA's time limit because it was "void ab initio." But incanting the word "void" does not alter anything we have said thus far. Many arguments that an arbitrator exceeded his powers can be cast as arguments that the award is "void" because the arbitrator had no contractually delegated authority to issue it. *See, e.g.*, *In re Friedman*, 213 N.Y.S. 369, 377 (N.Y. App. Div. 1926) ("The law is well settled that, where arbitrators act beyond the scope of their authority, their acts are void and without effect."). The Authority, for its part, does not suggest that the category of awards it would deem "void" is meaningfully narrower than the category of awards in which arbitrators "exceeded their powers." So an exception for "void" awards, just like an exception for awards where the arbitrators "exceeded their powers," would contravene the statutory text and basic arbitration principles.

Without support from the FAA's text or cases addressing arbitration awards, the Authority turns to the common law. It suggests that an exception to the time limit for "void" awards honors traditional common-law principles, drawing an analogy to district court judgments in civil cases. The Federal Rules of Civil Procedure require that any motion for relief from a final judgment "be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). But that limitation, we have held, does not apply to

"void" judgments. *Bell Helicopter Textron, Inc. v. Islamic Republic of Iran*, 734 F.3d 1175, 1180 (D.C. Cir. 2013). A civil judgment that is "void" because it suffers from certain jurisdictional or constitutional defects is a "legal nullity." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270–71 (2010). And such a judgment, we have explained, can be challenged at any point, in view of the traditional principle that a "void judgment" cannot "acquire validity" through the passage of time. *Austin v. Smith*, 312 F.2d 337, 343 (D.C. Cir. 1962); *see also* 11 *Wright & Miller's Federal Practice & Procedure* § 2862 (3d ed. May 2025 update); *In re Vista-Pro Auto., LLC*, 109 F.4th 438, 444 (6th Cir. 2024) (explaining that before the last substantive amendments to Rule 60(b) there was a "well-established rule that void judgments could be vacated at any time").

We appreciate the parallels between that context and this one. Still, we do not think that the FAA's three-month notice deadline incorporates the Authority's proposed approach.

When interpreting a statute, we do generally assume that Congress intends to retain "long-established and familiar principles" from the common law. *Isbrandtsen Co. v. Johnson*, 343 U.S. 779, 783 (1952). But this assumption comes into play only if those common-law principles were "well-established" at the time of the statute's enactment and only if they "clearly" applied to the subject matter at hand. *Pasquantino v. United States*, 544 U.S. 349, 360 (2005); *see also United States v. Craft*, 535 U.S. 274, 288 (2002). Otherwise, we cannot assume "with any reasonable certainty" that Congress acted with those principles in mind. *Pasquantino*, 544 U.S. at 365; *see also Ryan v. ICE*, 974 F.3d 9, 24 (1st Cir. 2020).

The Authority's proposed voidness exception does not satisfy those conditions. Whatever the rule may be in other contexts, the notion that a void *arbitration* award cannot trigger

a procedural deadline was not a well-settled common-law principle in 1925, when the FAA became law. *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 111 (2001). The Authority cites no pre-1925 case that "held or clearly implied" that a voidness exception exists for arbitration awards. *Pasquantino*, 544 U.S. at 360. We have not found one either. If anything, we have instead come across sources suggesting (just like every post-1925 authority we can find) the exact opposite—that a statutory deadline to bring a motion to vacate an arbitration award applies regardless of the grounds invoked. *See, e.g.*, *Shores v. Bowen*, 44 Mo. 396, 399 (Mo. 1869) ("To suffer a term to intervene is to waive this remedy, whatever ground for relief he may have under it."); *see also*, *e.g.*, Francis Russell, *A Treatise on the Power and Duty of an Arbitrator and the Law of Submissions and Awards* pt. 3, ch. IX, § 2, at 636 (4th ed. 1870) ("[T]he limitation given by the statute applies to all objections, intrinsic as well as extrinsic, and . . . an award, however defective on its face, cannot be set aside on any grounds after the time allotted by the act."); William Henry Watson, *A Treatise on the Law of Arbitration and Awards* ch. IX, § 1, at *268 (3d ed. 1848) ("[O]f whatever nature the objection to the award may be, . . . the motion under the statute must be made within the time limited."); Sidney Billing, *A Practical Treatise on the Law of Awards and Arbitrations* *178 (1846) ("The Court will set aside an award for other causes than corruption, but *in all cases* the motion must be made before the last day of the term next after that in which the award is made." (emphasis added)). These authorities cast doubt on the existence of any "well-settled" pre-1925 rule that motions to vacate void arbitration awards can be brought at any time. *Kousisis v. United States*, 145 S. Ct. 1382, 1395 (2025).[2]

---

[2] For more modern sources that survey cases addressing the FAA's time limit but likewise contain no hint of the Authority's proposed exception, see, for example, 4 Ian R. MacNeil et al.,

We are especially hesitant to read a voidness exception into the FAA's timing requirements because "a statutory purpose to the contrary is evident." *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 108 (1991) (citation modified). Such a broad exception, as we have explained, would undermine the virtues of "speed and simplicity" that Congress embraced in the FAA. *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 509 (2018). That conflict adds yet another reason to doubt that Congress intended to transplant a common-law voidness exception into the FAA.

At bottom, the Authority claims the right to vacate an arbitration award under the FAA at any time, simply by challenging the arbitrator's authority to make it. Because we see nothing in the statute, historical practice, or modern precedent to support that sweeping view, we affirm the district court's conclusion that service was untimely.

---

*Federal Arbitration Law* § 38.4.2 (1999); 2 Jay E. Grenig, *Domke on Commercial Arbitration* § 40.2 (3d ed. Jan. 2025 update); 31 *Moore's Federal Practice* § 908.03 (3d ed. 2025); 13D *Wright & Miller's Federal Practice & Procedure* § 3569 (3d ed. May 2025 update); Restatement (Third) U.S. Law of Int'l Com. & Inv.-State Arb. § 4.30 (A.L.I. Oct. 2024 update); 21 Richard A. Lord, *Williston on Contracts* § 57:153 (4th ed. May 2025 update); 6 C.J.S. *Arbitration* § 225 (May 2025 update); 3 Eric C. Surette, *Federal Procedure, Lawyer's Edition* §§ 4:97, 4:99 (June 2025 update); 1 Jay E. Grenig, *Alternative Dispute Resolution* § 26:14 (4th ed. Sep. 2024 update); 4 Am. Jur. 2d *Alternative Dispute Resolution* § 232 (May 2025 update).

13

**B**

We next consider whether the FAA precludes the Authority's APA claim. We agree with the district court that it does.

"A person suffering legal wrong because of agency action," the APA says, "is entitled to judicial review thereof." 5 U.S.C. § 702. This provision "embodies the basic presumption of judicial review" across "a broad spectrum of administrative actions." *Abbott Lab'ys v. Gardner*, 387 U.S. 136, 140 (1967).

But "Congress did not intend the general grant of review in the APA to duplicate existing procedures for review." *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988). Section 704 of the APA limits judicial review under that statute to agency action "for which there is no other adequate remedy in a court." 5 U.S.C. § 704. Consistent with that limitation, APA review is not available if Congress has provided a "special and adequate review procedure" elsewhere. *Bowen*, 487 U.S. at 904 (citation modified).

The question is whether the FAA contains such a review procedure. Because Congress's judgment is what matters, we assess whether review under the FAA is "adequate" by looking for "clear and convincing evidence of legislative intent to create a special, alternative remedy and thereby bar APA review." *Citizens for Resp. & Ethics in Wash. v. DOJ*, 846 F.3d 1235, 1244 (D.C. Cir. 2017) (citation modified).

Several considerations guide our inquiry. *See id.* at 1244–45. Does the FAA contain its own "independent cause of action" or "alternative review procedure"? *El Rio Santa Cruz Neighborhood Health Ctr., Inc. v. HHS*, 396 F.3d 1265, 1270 (D.C. Cir. 2005). Does the FAA provide at least "the same genre" of relief as the APA, even if that relief is not "identical"

to or as "effective" as relief under the APA? *Garcia v. Vilsack*, 563 F.3d 519, 522–25 (D.C. Cir. 2009) (citation modified). Are APA and FAA review "incompatible in major respects"? *Env't Def. Fund v. Reilly*, 909 F.2d 1497, 1506 (D.C. Cir. 1990).

The answer is "yes" all the way down.

First, the FAA contains its own process for reviewing arbitration awards. As discussed above, the statute "supplies mechanisms" for challenging arbitration awards. *Hall St. Assocs.*, 552 U.S. at 582; *see* 9 U.S.C. §§ 6, 10(a).

Second, in a case like this, the FAA offers relief of "the same genre" as the APA, *Citizens for Resp. & Ethics*, 846 F.3d at 1245 (citation modified): Under the FAA, a district court may issue "an order vacating the award." 9 U.S.C. § 10. That is the same exact remedy that the Authority seeks under the APA (to "set aside" the award). J.A. 35**[; *see also* J.A. 22–23]**.

Third, review under the APA is wholly incompatible with review under the FAA. The FAA strictly limits judicial review of arbitration awards to a narrow, "exclusive" set of grounds. *Hall St. Assocs.*, 552 U.S. at 584; *see* 9 U.S.C. §§ 10(a), 11. And the statute, as discussed above, sets a prompt deadline for bringing motions to vacate. *See* 9 U.S.C. § 12. Through these features, the statute implements "a national policy favoring arbitration with just the limited review needed" to resolve disputes efficiently. *Hall St. Assocs.*, 552 U.S. at 588.

APA review of arbitration awards would undercut that statutory scheme at every turn. Judicial review under the APA (though deferential) is not as limited as judicial review under the FAA. Under the APA, for example, a court may set aside agency action for any material legal error. *See* 5 U.S.C. § 706(2). The FAA sets a higher bar for judicial intervention, mindful of the parties' bargain to have an arbitrator, not a court,

settle their disputes. *See Oxford Health Plans*, 569 U.S. at 569. Proving material "error"—even "grave error"—in the arbitrator's legal reasoning does not suffice. *Id.* at 572. Moreover, parties generally have several years—not just three months—to challenge agency action under the APA. 28 U.S.C. § 2401(a).

Together, these differences confirm that review through the FAA is not just an "adequate" means of challenging arbitration awards "but in fact the proper means" for doing so. *Women's Equity Action League v. Cavazos*, 906 F.2d 742, 751 (D.C. Cir. 1990). The Authority cannot "circumvent" the FAA's unique "requirements and limitations by resorting to the catchall APA." *Grosdidier v. Chairman, Broad. Bd. of Governors*, 560 F.3d 495, 497 (D.C. Cir. 2009) (applying similar reasoning to funnel challenges to agency employment actions through the Civil Service Reform Act).

None of this is to say, of course, that the FAA is "the only way into court for parties wanting review of arbitration awards." *Hall St. Assocs.*, 552 U.S. at 590. Our decision means only that one particular route to judicial review—through the APA—is not available under these circumstances.

The Authority's responses are unpersuasive.

Most fundamentally, the Authority has no answer to the basic point that permitting broader and more-delayed review of arbitration awards under the APA would undermine the FAA's scheme of limited and prompt review. And it bears repeating that the FAA applies only because the Authority *chose* to arbitrate its dispute with FEMA, rather than pursue additional appeals within FEMA followed by judicial review under the APA.

The Authority instead focuses on remedial disparities between the FAA and APA. It notes that the APA generally

permits various remedies not available under the FAA, such as declaratory, injunctive, and habeas relief. *See* 5 U.S.C. § 703. But the Authority has not sought those forms of relief in this case. Its APA claim asks only that a court "set aside" the arbitration award, J.A. 35—a remedy that the FAA already affords, *see* 9 U.S.C. § 10. We see no reason to measure the adequacy of relief under the FAA based on the absence of remedies that no party has asked for. Rather, adequacy turns on whether a "yawning gap" exists "between the relief sought and the relief available." *Citizens for Resp. & Ethics*, 846 F.3d at 1246. No such gap exists here.

The Authority adds that, under the APA, a court could stop FEMA from enforcing the arbitration award against anyone, not just the Authority. But it is unclear how FEMA could try to enforce the award against anyone else—the Authority was the only other party to the arbitration. So again, to the extent this remedial disparity exists in the abstract, it is immaterial in this case.

Next, the Authority argues that only statutes providing for de novo review can displace the APA. True, some of our cases identifying forms of adequate alternative relief involved statutes with de novo review provisions. *See, e.g.*, *Env't Def. Fund*, 909 F.2d at 1506. But those precedents do not state that *only* a scheme providing de novo review can displace the APA. The reason de novo review might preclude APA review, those cases explain, is because the two are "incompatible in major respects," a sign that Congress did not intend "concurrent use of both." *Id.* And, as we have described, the FAA's review scheme is likewise "incompatible" with APA review "in major respects."

Last, the Authority claims that the FAA cannot preclude its APA claim because the FAA does not even apply to the arbitration award at issue. That theory is forfeited twice over.

The Authority never raised it below. *See District of Columbia v. Air Fla., Inc.*, 750 F.2d 1077, 1084 (D.C. Cir. 1984) (restating the "well settled" rule that "issues and legal theories not asserted at the District Court level ordinarily will not be heard on appeal"). Nor did the Authority raise the argument in its opening brief on appeal. *See Al-Tamimi v. Adelson*, 916 F.3d 1, 6 (D.C. Cir. 2019) (explaining that a party "forfeits an argument by failing to raise it in his opening brief").

## III

For the foregoing reasons, we affirm.

*So ordered.*